AMANDA HOLM v. MERCHANTS STATE BANK OF NORTH
BRANCH AND OTHERS.[1]

May 15, 1936.

No. 30,802.

[1]Reported in 267 N. W. 201.

385

*John I. Levin* and *Francis M. Smith,* for appellant.

*S. Bernhard Wennerberg,* for respondents.

*Fowler, Carlson, Furber & Johnson* and *Ralph H. Comaford, amici curiae,* filed a brief on behalf of Minnesota Bankers Association.

LORING, JUSTICE.

This is an action attacking the validity of a trust created by a contract between a bank and its depositors in the reorganization of a bank. The conduct of the trust by the trustees in the administration thereof is also under attack and an accounting is asked. The trial court sustained a demurrer to the complaint, and the case comes here upon appeal from that order.

The trust agreement was made in February, 1933, between the defendant state bank and its depositors, of whom this plaintiff was one, although she did not sign the agreement until August, 1933. The trust plan or agreement contemplated the surrender by the depositors of 50 per cent of their claims against the bank and the extension of the maturity of the remaining 50 per cent over a period of five years. In lieu of the surrendered 50 per cent the depositors acquired a prorata interest in a trust fund made up of the assets removed from the bank and placed in trust. Two hundred and fifty shares of bank stock, less the qualifying shares for the directors, were pledged by the stockholders in the trust or pool as security for the benefit of the consenting depositors. At any time within

three years the trust assets could be exchanged for bank assets to assure the depositors the fullest protection of deposits remaining in the bank. Items in which both the bank and the pool had an interest were subject to pledge for the benefit of the bank, and the bank's interest was made prior to the interest of the pool in such cases.

■ It is the claim of the plaintiff that the assets that were to go into the trust were not sufficiently designated in the agreement and particularly that the rights existing during the first three years of the trust to transfer trust assets to the bank in exchange for slow assets which the bank might turn over to the trust rendered the agreement uncertain as to the property that might be in the trust at any time. We must bear in mind that the primary purpose of the agreement was to make possible the continued operation of the bank and as far as possible to assure the safety of the reduced deposit liability in which the signers of the agreement were all interested. And it must also be borne in mind that the large block of stock pledged to the trust would be enhanced in value substantially in proportion to the greater value of the assets received by the bank over those which it exchanged with the pool. We regard this arrangement as a justifiable safeguard to insure the continued operation of the bank and the safety of the deposits. Under the conditions existing in 1933, of which we take judicial notice, we think the trust arrangement was a valid arrangement and not one which was calculated to milk the desirable assets from the pool. Much that went into the trust agreement was justified by statute. See L. 1933, c. 277, 3 Mason Minn. St. 1934 Supp. §§ 7690-10 to 7690-20. A fair construction of the agreement indicates that the property selected for the trust was a group of assets slow in character which were to be selected by the bank officers in an amount equal to the aggregate of the reduction of deposits effected by the agreement. We think this sufficiently definite under the circumstances. The bank's officers could at any time have been compelled to turn into the trust assets to the amount the deposits were reduced. That these assets might be subsequently exchanged for others at the option of the bank did not, in our opinion, make the

trust contract indefinite or militate against the interest of the beneficiaries who were equally interested in the security of their deposits remaining in the bank. This is equally as true of trust money as of trust assets.

■ There is a further claim made by the plaintiff that the trust is void because it is not limited to lives in being and 21 years thereafter. The provision for its continuance was contained in the trust agreement. It provided:

"This trusteeship shall continue five years and for such further time as may be necessary subject to the approval of the court."

The respondents concede that the trust cannot continue more than 21 years from its inception, and of course any further continuance of the trust beyond the five-year period would necessarily be on account of the provisions for further time approved by the court. The approval of the court would necessarily be exercised within the limitations of the statute law and could not extend beyond the 21-year period.

■ In the light of what we have said above, we find no cause of action stated for an accounting.

Affirmed.

[1]Reported in 267 N. W. 204.